# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

Michael E. Sawyer,                                                    Civil No. 09-1017  JNE/AJB

                Petitioner,

v.                                                                  **REPORT AND RECOMMENDATION**

T.K. Cozza-Rhodes,
acting Warden FPC–Duluth,

                Respondent.


       This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for

habeas corpus relief pursuant to 28 U.S.C. § 2241 by a federal prisoner.  The action has been

referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1.  At the time he filed the petition, Michael Sawyer was confined at the Federal

Prison Camp at Duluth, Minnesota, pursuant to conviction and sentencing in United States

District Court, Northern District of Illinois, on wire fraud charges.[1]  Petitioner was sentenced to a

term of 51 months, with an additional three years supervised release.  His projected released

date, via good time credit, is March 1, 2010, and he has been advised that his pre-release,

halfway house placement eligibility will accrue in September 2009.[2]  It is petitioner's claim that

the respondent has failed to comply with the Second Chance Act of 2007 ("SCA"), Public Law

110-199, by failing to evaluate his circumstances on an individual basis and refusing to grant

---

[1]  The court has been advised by correspondence from the United States Attorney that
Mr. Sawyer was transferred to FCI–Elkton, Ohio, on June 9, 2009 [Docket No. 7].  The clerk of
court has not been provided any notice of change of address by the petitioner.

[2]  The government has indicated that the petitioner's transfer to FCI–Elkton does not alter
his projected good-time release date or his halfway house eligibility date.  Id.

him a greater amount of time in community placement or home confinement under the SCA.

Mr. Sawyer previously filed a Section 2241 action[3] which was dismissed without prejudice by Order dated March 16, 2009, on grounds that the prisoner had not exhausted his administrative remedies.[4]  Petitioner commenced the prior action upon being advised that he would become eligible for Residential Reentry Center ("RRC" or "halfway house") placement between September 1, 2009, and October 1, 2009, allowing him 150 to 180 days of pre-release residence in a halfway house.  In the earlier petition Sawyer sought 11 months community or home confinement, commencing April 1, 2009, to accommodate entry into a Ph.D. program at North Central College, Naperville, Illinois, starting late August or early September 2009.  Apart from the passage of time and its relevant consequences, the prisoner presents no additional circumstances in support of his second petition, except to assert his recent registration in a Total Immersion Program in Arabic, offered at the University of Chicago's Summer Language Institute.  The program was scheduled to commence on June 22, 2009, and the petitioner requested RRC release beginning June 15, 2009.

With respect to exhaustion of administrative remedies, Mr. Sawyer alleges in his current petition that he submitted an administrative remedy request to the acting warden on April 2, 2009; that the program statement requires that a response be provided within 20 days; and that the acting warden had made no response by April 22, 2009, i.e. the date of the petition in this

---

[3]  District of Minnesota, Civil File No. 08-6191 JNE/AJB.

[4]  Order by the district court dated March 16, 2009, adopting the Report and Recommendation of the magistrate judge dated February 19, 2009 [Docket No. 26].  A Motion to Reconsider was filed by petitioner on April 13, 2009, and was denied by Order of the district court dated May 13, 2009 [Docket No. 40].

case.[5]  Sawyer contends that these facts demonstrate his good faith efforts toward administrative

exhaustion and the futility of such efforts as a means of obtaining timely relief.  In answer to the

petition the respondent states that Mr. Sawyer's Request for Administrative Remedy was

actually received by FPC–Duluth on April 14, 2009, and the request was denied on April 28,

2009–well within the 20-day time allowance.[6]  Respondent further states that Mr. Sawyer

submitted a regional administrative remedy appeal[7] for which an unfavorable response was given

on May 29, 2009, and to date this decision had not been appealed to the Central Office [Docket

No. 7].  The petitioner has not filed a traverse or otherwise submitted a reply disputing the

respondent's fact assertions, or providing additional relevant information regarding his

administrative appeals.  Alternatively, respondent argues that; (1)  halfway house placement

decisions are ultimately for the BOP to make; (2)  the BOP properly reviewed Mr. Sawyer's

halfway house placement time on an individualized basis; and ( 3) its recommendation was made

in light of the appropriate factors.  Consequently, it would be appropriate to deny the petition on

the merits, as well as on exhaustion grounds.

_____

[5]  The petition was filed with the court on April 30, 2009.  The document states that is was executed by Michael E. Sawyer on April 22, 2009.

[6]  Declaration of Angela Buege, ¶ 10, Attach. D.

[7]  Id.  ¶¶ 7 and 10 (citing BOP Program Statement 1330.13, *Administrative Remedy Program*, codified at 28 C.F.R. Part 542).   The BOP has established a three-tiered administrative remedy program to address prisoner concerns relating to any aspects of confinement.  The first tier of the process requires that an inmate initially seek informal resolution of the grievance and, if there is no informal resolution he must present the complaint to the warden of the facility of confinement.  28 C.F.R. Part 542.13.  Thereafter, at the second tier, an unsatisfactory response from the warden may be appealed to the BOP Regional Director, and finally, the response of the Regional Director may be appealed to the Central Office of the BOP at the third tier.  28 C.F.R. Part 542.15.  A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon receipt of the Central Office response.

**DISCUSSION**

**Exhaustion.** A federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of his or her grievances, and provide BOP staff an opportunity to resolve issues in-house prior to an inmate seeking relief through the courts. See 28 C.F.R. §§ 542.10, 542.13. In its dismissal of his prior petition this court expressly advised Mr. Sawyer that full exhaustion of remedies was required before the matter would be considered on the merits. Nonetheless, the prisoner has now filed a subsequent petition in which he contends that has made the requisite effort to exhaust remedies but that the respondent has prevented him from accomplishing exhaustion pursuant to the three-part administrative remedy program, thereby justifying immediate resort to the district court. The petitioner's argument on the futility of exhaustion is not persuasive.

The parties have presented this issue to the court on different time lines. The petitioner alleges that he submitted an appeal to the warden on April 2, 2009, and that no response had been provided within the allowed 20 days, thereby precluding an appeal to the Regional Director. The respondent presents documentary evidence indicating that the appeal to the warden was made on April 14, 2009; the request for relief was timely denied on April 28, 2009; and an appeal to the Regional Director was thereafter submitted. Petitioner's futility argument fails under either sequence. With respect the petitioner's April 2, 2009, alleged date of filing his appeal, the assertion is not supported by credible documentary evidence, but in any event, Sawyer offers neither factual nor legal support for his contention that he was absolutely

precluded from making his appeal to the Regional Director in the absence of a decision from the

warden, and he therefore has not established futility on that ground.[8]  On the other hand, the

respondent's time line is supported by entries in Administrative Remedy Generalized Retrieval

Data Forms, but the entry date may not accurately reflect the date on which the appeal was

actually submitted by the petitioner.[9]  In any event, the record clearly indicates that Mr. Sawyer

has already appealed this matter to the Regional Director and has received an unfavorable

decision from which he has not made an appeal to the Central Office.  At the time this case was

commenced the petitioner had not completed the three-step administrative remedy process and

was improperly attempting to obtain relief in parallel district court and BOP proceedings.  The

action for relief under 28 U.S.C. § 2241 is therefore premature and should be dismissed.[10]

---

[8]  28 C.F.R. § 542.18 provides in pertinent part:

> . . . A Request or Appeal is considered filed on the date it is logged into the
> Administrative Remedy Index as received [for purposes of establishing response
> deadlines].    . . . If the inmate does not receive a response in the time allotted for
> reply, including extension, <u>the inmate may consider the absence of a response to
> be a denial at that level</u>  (emphasis added).

[9]  The full history of the case suggests that the actual date of appeal to the warden likely
falls somewhere in between April 2, 2009, and April 14, 2009.  On April 10, 2009, the petitioner
mailed a Motion to Reconsider [Docket No. 38] in his initial case, Civil File No. 08-6191
JNE/AJB, in which he makes no mention of his pending administrative appeal, and he expressly
states that he was in detention, and without access to legal materials, from February 28, 2009,
through April 3, 2009.  However, at the same time he posted a Motion for Extension of Time to
File Notice of Appeal [Docket No. 39] in which he states that has filed for administrative remedy
to meet with the court's decision in this matter. In addition, the government's assertion that
warden's response was given on April 28, 2009, is circumstantially supported by the filing of the
current petition on April 30, 2009.

[10]  With regard to the merits of the petition, the court notes that Sawyer offers no concrete
evidence to support conclusory allegations regarding the failure to evaluate his circumstances on
an individualized basis and that the respondent's determinations were arbitrary, capricious and
an abuse of discretion.  In that respect, the petitioner may be assuming that the petition and other
pleadings in his previous petition are incorporated into and effective in this case.  Such an

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, it is

hereby **recommended** that Michael E. Sawyer's Petition under 28 U.S.C. § 2241 for Writ of

Habeas Corpus be **DISMISSED** without prejudice. [Docket No. 1].


Dated:    July 9, 2009


                                           s/ Arthur J. Boylan
                                          Arthur J. Boylan
                                          United States Magistrate Judge



         Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection. Written objections shall be filed with the Clerk of Court and
served upon opposing parties before July 24, 2009.  This Report and Recommendation does not
constitute an order or judgment from the District Court and it is therefore not directly appealable
to the Circuit Court of Appeals.

--------------------------------------------

assumption would be incorrect.